IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IVÁN PIÑERO RIVERA,**<br><br>Plaintiff<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, DEPARTMENT OF PUBLIC SAFETY, PUERTO RICO POLICE BUREAU, CAPTAIN JOHN DOE, SUPERVISOR JOHN DOE, SERGEANT JOHN DOE, POLICE OFFICERS JOHN DOES 1-30,** in their individual and official capacities,<br><br>Defendants | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

TO THE HONORABLE COURT,
FOR THE DISTRICT OF PUERTO RICO

COMES NOW plaintiff, through the undersigned counsel, who very respectfully STATES and PRAYS as follows:

This is an action for civil rights violations brought under 42 U.S.C. § 1983.

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over related claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in Puerto Rico.

## II. PARTIES

4. Plaintiff **IVÁN PIÑERO RIVERA** is a resident of Aibonito, Puerto Rico and approximately sixty (60) years old, a factor that exacerbated the physical and emotional harm suffered during prolonged detention.

5. Defendant **COMMONWEALTH OF PUERTO RICO**, through the Department of Public Safety and the Puerto Rico Police Bureau, exercised authority, control, and supervision over the individual defendants, who acted in official uniform, armed, under color of law, and pursuant to an institutional chain of command.

6. Defendants **CAPTAIN JOHN DOE, SUPERVISOR JOHN DOE, SERGEANT JOHN DOE, and POLICE OFFICERS JOHN DOES 1–30** were sworn officers of the Puerto Rico Police Bureau and acted jointly, in concert, and pursuant to a common plan, with knowledge and approval at supervisory levels. They are sued in their individual capacities for damages, and in their official capacities for declaratory and injunctive relief.

## III. FACTUAL ALLEGATIONS

7. On February 3, 2025, a coordinated team of Puerto Rico Police officers executed a search warrant limited exclusively to Plaintiff's residence.

8. All officers were in full police uniform, visibly acting under state authority.

9. The initial entry and protective sweep revealed no weapons or controlled substances in plain view.

10. A narcotics detection canine was introduced into the residence and did not alert to any contraband inside the home.

11. Despite the absence of any alert or probable cause, officers brought the canine to Plaintiff's vehicle parked outside, a location not covered by the warrant, and without Plaintiff's consent.

12. Plaintiff observed officers remove items later attributed to him from the vehicle, including a controlled substance and a firearm.

13. Acting in concert, officers relocated those items into the residence, placing the alleged narcotics on a living room table and the firearm on a bedroom bed, falsely representing that they had been discovered inside the home.

14. Officers then authored false and misleading police reports stating that the items were found in plain view within the residence.

15. These acts constituted intentional fabrication of evidence, unlawful scene manipulation, and false reporting, undertaken knowingly and pursuant to a shared agreement among the officers.

## IV. UNLAWFUL AND PROLONGED DETENTION

16. As a direct and foreseeable result of Defendants' actions, Plaintiff was arrested and prosecuted in the Puerto Rico Court of First Instance, Aibonito Part.

17. Plaintiff has been held in pretrial detention for approximately 364 days without trial.

18. Under Article II, Section 11 of the Constitution of the Commonwealth of Puerto Rico, Plaintiff was entitled to a speedy trial and release through habeas corpus once constitutional limits were exceeded.

19. Although habeas corpus relief was formally granted, the state court imposed an unattainable third-party custodian condition, rendering the relief ineffective.

20. Plaintiff's continued detention is directly traceable to the fabricated evidence and unconstitutional conduct of Defendants, which tainted every stage of the criminal proceedings.

## V. CAUSES OF ACTION

### COUNT I – Fourth Amendment

21. Unlawful Search and Seizure (42 U.S.C. § 1983)

Defendants conducted a warrantless and unconstitutional search of Plaintiff's vehicle.

3

### COUNT II – Fourteenth Amendment

22. Fabrication of Evidence (42 U.S.C. § 1983)

> Defendants knowingly fabricated and repositioned evidence, resulting in Plaintiff's arrest and detention.

### COUNT III – Fourteenth Amendment

23. False Reports and Due Process Violations (42 U.S.C. § 1983)

> Defendants relied on false reports to justify continued prosecution and confinement.

### COUNT IV – Fourteenth Amendment

24. Prolonged Unlawful Pretrial Detention (42 U.S.C. § 1983)

> Plaintiff's 364-day detention without trial constitutes an arbitrary deprivation of liberty.

### COUNT V

25. Supervisory and Institutional Liability

> Defendants acted pursuant to customs, practices, and failures to train and supervise, demonstrating deliberate indifference to constitutional rights.

## VI. DAMAGES

26. Plaintiff has suffered severe and ongoing damages, including loss of liberty, emotional distress, physical deterioration, reputational harm, family disruption, economic loss, and prolonged suffering.

## VII. AMOUNT IN CONTROVERSY

27. Plaintiff seeks EIGHTEEN MILLION DOLLARS ($18,000,000) in compensatory and punitive damages, with punitive damages sought solely against individual defendants in their personal capacities.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Declare Defendants' actions unconstitutional;

B. Award compensatory and punitive damages as allowed by law;

C. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988;

D. Grant declaratory and injunctive relief as appropriate;

E. Grant such other relief as the Court deems just and proper.

## IX. JURY DEMAND

28. Plaintiff demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, February 2, 2026.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that, on this same date, the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

S/ Pedro Tomás Berríos Lara
**Pedro Tomás Berríos Lara**
USDCPR # 217611
420 Ponce de León Ave.
Midtown Bld. Ste. 607
San Juan, PR 00919
Tel. (787)556-0440
Email: pberrioslara@gmail.com

5

Case 3:26-cv-01055 Document 1 Filed 02/04/26 Page 6 of 6